UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADVANCED PUMPING, LLC | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:17-cv-00209 |
| | § | |
| | § | |
| HAVEN CONTRACTING, INC. AND | § | |
| McSHANE CONSTRUCTION | § | |
| COMPANY, LLC | § | |

# PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES ADVANCED PUMPING, L.L.C.**, hereinafter called Plaintiff, complaining of **HAVEN CONTRACTING, INC. AND McSHANE CONSTRUCTION COMPANY, LLC** hereinafter called Defendants, and for cause of action shows unto the Court the following:

## I.
## VENUE

1. Venue in Nueces County is proper in this cause pursuant to 28 U.S.C Sec. 1441 et seq

## II.
## PARTIES AND SERVICE

2. Plaintiff is an corporation duly formed under the laws of Texas and doing business in Nueces County, Texas. Defendant, **HAVEN CONTRACTING, INC.**, is a Florida company doing business in the state of Texas and has been served and answered.

tabbies
EXHIBIT
1

Defendant, **McSHANE CONSTRUCTION COMPANY, LLC**, is a Delaware company doing business in the state of Texas and has been served and answered.

## III.
## FACTS

3. In July of 2013 Haven Contracting requested quotes from Plaintiff regarding the use of concrete pumps for an apartment complex project in Corpus Christi. Plaintiff provided Defendants with a credit application and a price list. Haven accepted the pricing and executed a credit application. Plaintiff provided a concrete pump and operator on October 22, 2013 subject to the terms and conditions of the price list and the work order. The Concrete Pumping equipment being leased was specifically a Putzmeister 58 Meter Concrete Boom Pump.

4. The operator was assisted by employees/agents of Haven and/or Mcshane Construction to place the pump in a particular location to pour the slab. After operating for a few minutes a plumbing trench underneath the pump's outrigger collapsed, causing the pump to tip over and resulting in extensive damage to the concrete pump. The concrete pump was operated for a short period of time following the incident but ultimately had to be taken out of service resulting in loss of use/lost profit damages to Plaintiff.

5. Immediately after the incident, employees of Haven and/or Mcshane signed a standard work order containing hours worked and terms and conditions. Pursuant to Section 4 of the signed work order agreement,

Case 2:17-cv-00209 Document 46-1 Filed in TXSD on 09/21/18 Page 3 of 6

Use in Careful Manner:

Lessee has absolute control of the site conditions. When Equipment is on the job site, control of the Equipment and the Equipment operator passes to Lessee and such control will terminate only when the Equipment operator and the Equipment have departed and vacated from the job site. At all times when Lessee retains control of the Equipment and the Equipment operator, **Lessee shall have the duty of, and shall assume the liability for, ensuring the conditions of the job site are safe for the operation of the Equipment by the equipment operator**. In addition, Lessee shall: (I) use the Equipment in a safe and careful manner and in compliance with all federal, state, municipal laws and ordinances and operate the job site in accordance with applicable regulations of the Occupational Safety and Health Act (OSHA); and (ii) instruct its crew on safety practices when working around the equipment.

Further, plaintiff forwarded a credit application and pricing sheet by email to Haven on July 19th 2013 before any work was performed and the above contract was signed. The pricing sheet indicates that contractor is to provide: "suitable access to area and suitable stabilized area for set up of placing equipment." Haven accepted and returned the credit application.

6. Defendants breached the contract by allowing the placement of the pump in a dangerous area, without informing the operator of the presence of the plumbing trench that collapsed under the outrigger. Said breach has resulted in loss of the pump and loss of use and profits from the operation of the pump. Further, Plaintiff has lost value in the pump as insurance proceeds did not adequately cover the entire lost value.

## IV.
## BREACH OF CONTRACT

7. Plaintiff would show that Plaintiff and Defendants, **HAVEN CONTRACTING, INC. AND McSHANE CONSTRUCTION COMPANY, LLC** entered into a valid and enforceable contract for use of the concrete pump. Plaintiff fully performed all requirements under the contract, but Defendants materially breached the contract by failing to ensure the conditions of the job site were safe for the placement and operation of the Equipment by the equipment operator. Plaintiff suffered significant pecuniary loss of use/lost profits and loss of value as a result of Defendants' breach.

## V.
## ATTORNEY'S FEES

8. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; (c) Section 37.009 of the Texas Civil Practice and Remedies Code.

## PRAYER

9. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, together with prejudgment and postjudgment interest at the maximum rate

allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Stephen J. Chapman
Stephen J. Chapman
State Bar No. 24001870
Federal ID. No. 32677
ATTORNEY-IN-CHARGE
CHAPMAN LAW FIRM
710 N. Mesquite, 2nd Floor
Corpus Christi, Texas 78401
Telephone: (361) 883-9160
Facsimile: (361) 883-9164

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the 21st day of ***September, 2018***, to all counsel of record as follows:

Mark R. Stein
ALLEN, STEIN & DURBIN, P.C.
6243 IH-10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas 78201

Michael D. Williams
BROWN SIMS
1177 West Loop South, Tenth Floor
Houston, Texas 77027

/s/ Stephen J. Chapman
Stephen J. Chapman